IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


BOBBY LEE FAIR, JR.,
        Plaintiff,

vs.                                                                  Case No.:  5:13cv180/RS/EMT

JUDGE MICHAEL C. OVERSTREET,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1).  Leave to proceed in forma pauperis has been granted (doc. 5).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

I.        BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a non-prisoner proceeding pro se, names Judge Michael C. Overstreet, a state court judge, as the sole Defendant in this action (doc. at 1–2).  Plaintiff alleges that on March 26, 2012, Judge Overstreet ordered him involuntarily committed to the Florida State Hospital ("FSH"), even after he invoked his right, under Florida statutes, to have a jury determine his competence to stand trial (*id.* at 3–4).  He alleges he suffered severe beatings at FSH, which he would not have suffered if Judge Overstreet had not committed him (*id.*).  Plaintiff requests injunctive relief[1] and monetary damages (*id.* at 4).

---

[1] More specifically, Plaintiff requests an injunction establishing "regular law library privileges at the jail" and a "mandatory explanation of pro se rights and procedures" (doc. 1 at 4).

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] see also Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  See Bell Atl. Corp., supra (retiring the often-criticized "no set of facts" language previously

_____

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Page 3 of 5

used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

III.    ANALYSIS

Plaintiff's lawsuit is barred by the doctrine of judicial immunity. *See* <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); <u>Sibley v. Lando</u>, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); <u>Mireles</u>, 502 U.S. at 11; <u>Forrester v. White</u>, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Mireles</u>, 502 U.S. at 11 (citing <u>Stump</u>, 435 U.S. at 362); *see also* <u>Simmons v. Conger</u>, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." <u>Mireles</u>, 502 U.S. at 13 (citing <u>Stump</u>, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. <u>Stump</u>, 435 U.S. at 355–57; *see also* <u>Mireles</u>, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. <u>Simmons</u>, 86 F.3d at 1084–85 (citing <u>Stump</u>, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. <u>Dykes</u>, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power."

48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

In the instant case, the conduct of which Plaintiff complains, specifically, Judge Overstreet's finding him incompetent to stand trial and committing him to a state hospital without a jury determination on the competency issue, and any similar matters concerning the conduct of Plaintiff's criminal case, are functions normally performed by a judge. Furthermore, as Plaintiff was a party in the case over which Judge Overstreet was presiding, he dealt with Judge Overstreet in his judicial capacity. Moreover, although Plaintiff alleges Judge Overstreet acted in violation of a state statute, he does not allege Judge Overstreet acted in the complete absence of all jurisdiction. Therefore, Judge Overstreet is immune from suit. Accordingly, dismissal of this case is warranted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), and the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 17th day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

  **Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.** **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>** **A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**